# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL NISKAR,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. 2:17-cv-02732-JCM-CWH<br><br>**REPORT AND RECOMMENDATION** |

This matter was referred to the undersigned magistrate judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Michael Niskar's ("Plaintiff") application for disability insurance benefits under Titles II and XVI of the Social Security Act. The court has reviewed Plaintiff's motion for reversal or to remand (ECF No. 19), filed March 13, 2018, and the Commissioner's response and cross-motion to affirm (ECF Nos. 22, 20), filed April 12, 2018. Plaintiff did not file a reply.

**I.　BACKGROUND**

**　　1.　Procedural History**

On May 1, 2013, Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, alleging an onset date of November 15, 2012. AR[1] 234-241. Plaintiff's claim was denied initially, and on reconsideration. AR 129-130; 159-160. A hearing was held before an Administrative Law Judge ("ALJ") on April 29, 2015. AR 38-65. On June 24, 2015, the ALJ issued a decision finding Plaintiff was not disabled. AR 15-

---

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 13).)

37. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review. AR 1-5. Plaintiff, on October 27, 2017, commenced this action for judicial review under 42 U.S.C. §§ 405(g). (*See* Compl. (ECF No. 1).)

### 2. The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 26-27. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of June 30, 2011. AR 27. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of heart disease with a history of mitral valve replacement, degenerative disc disease of the lumbar spine and hernia. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 29. At step four, the ALJ found that Plaintiff has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except he is able to occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl. He is able to perform frequent overhead reaching. He is able to tolerate occasional exposure to extreme cold, vibration, flumes, odors, dusts, gases, poor ventilation, and extreme heat. He is unable to climb ladders, ropes, or scaffolds and unable to tolerate exposure to hazards. *Id.* The ALJ found that Plaintiff is unable to perform any past relevant work. AR 33. Plaintiff was born on November 29, 1966 and was 44 years old, which is defined as a younger individual age 18-44 on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49. *Id.* Plaintiff has at least a high school education and is able to communicate in English. AR 34. Transferability of job skills is not material to the determination of disability. *Id.* Considering the claimant's age, education, work experience, and the residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. *Id.* Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from June 30, 2011, through the date of the decision, on June 29, 2016. AR 35.

## II. DISCUSSION

### 1. Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo. *See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation.

*See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### 2. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If

the individual is engaged in SGA, then a finding of not disabled is made.  If the individual is not engaged in SGA, then the analysis proceeds to the step two.  Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities.  *Id.* § 404.1520(c).  An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work.  *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2]  If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made.  If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.  If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made.  20 C.F.R. § 404.1520(h).  If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments.  *See* 20 C.F.R. § 404.1520(e); see also SSR 96-8p.  In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations.  *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1).  They are entitled to some deference as long as they are consistent with the Social Security Act and regulations.  *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p.  To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.  The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW").  20 C.F.R. § 404.1520(f).  PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established.  In addition, the work must have lasted long enough for the individual to learn the job and performed a SGA.  20 C.F.R. §§ 404.1560(b) and 404.1565.  If the individual has the RFC to perform her past work, then a finding of not disabled is made.  If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience.  20 C.F.R. § 404.1520(g).  If she is able to do other work, then a finding of not disabled is made.  Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Yuckert*, 482 U.S. at 141-42.

**3.    Analysis**

**a.    Dr. Grover's opinions**

Plaintiff first moves to remand this matter because the ALJ improperly rejected the opinions of treating physicians Dr. Grover and Dr. Kaplan.  Dr. Grover opined that Plaintiff was unable to work since January 1, 2011, that he had greatly limited capabilities, which he listed, but also indicated may be able to do some work beginning January 1, 2015.  Dr. Kaplan opined that

Plaintiff had been unable to work since February 19, 2014. The ALJ gave little weight to Dr. Grover's and Dr. Kaplan's opinions. The Commissioner responded that ALJ properly evaluated and gave little weight to the opinions.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). *See* 20 C.F.R. §§ 404.1527, 416.927; *see also Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and it is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Lester*, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. *Lester*, 81 F.3d at 830-31; *see also Thomas*, 278 F.3d at 957. Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. *See Andrews*, 53 F.3d at 1041 (9th Cir.1995).

Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. *Bayliss*, 427 F.3d at 1216. If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. *Id.* However, "[t]he opinion of a nonexamining physician cannot

by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician;" such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. *Lester*, 81 F.3d at 830-31. An ALJ need not accept the opinion of any physician if it is brief, conclusory, and inadequately supported by clinical evidence. *Thomas*, 278 F.3d at 957.

Here, the ALJ extensively discussed Plaintiff's medical records and concluded that they do not reveal the type of significant findings to support the allegation of disabling back pain. AR 31-33. He reviewed Dr. Grover's findings and Dr. Kaplan's findings, but noted that treatment has been essentially routine and conservative in nature, consisting of medications, injections and back brace. The ALJ noted that claimant has engaged in a somewhat normal level of daily activity and interactions, which are inconsistent with his allegation of disabling impairments. Dr. Grover's opinions that Plaintiff could sit for less than one hour, stand and walk for less than one hour, could never lift more than 5 pounds or carry more than 10 pounds, and would be absent from work more than three days a month were rejected because they are not supported by the record as a whole, including Dr. Grover's treatment notes. AR 32. Dr. Kaplan noted that Plaintiff had normal posture, 5/5 strength throughout, and normal gait and station. AR 31. The degree of limitations of Drs. Grover and Kaplan were inconsistent with the findings made by consultative examiners Dr. Cabaluna and Dr. Arnow. Dr. Cabaluna found that Plaintiff is able to lift and or carry 50 pounds occasionally, 25 pounds frequently, stand and/or walk for six hours in an 8-hour workday and sit for six hours in an 8-hour workday. AR 32. Dr. Arnow found that claimant is able to lift or carry 20 pounds occasionally, 10 pounds frequently, stand and/or walk for two hours in an 8 hour workday and sit for six hours in an 8-hour workday. AR 33. Dr. Cabaluna's and Dr. Arnow's assessments of Plaintiff's RFC was even less restricting than the one found by the ALJ. AR 32. The ALJ further noted that claimant has been recommended on multiple occasions to undergo surgery for his back, and he has failed to do so, seemingly without good reason. AR 31. Plaintiff concedes that although he was concerned regarding the surgery while taking Coumadin, his physician indicated that problem can be bridged with other medications, and other surgical interventions are possible. AR 551. Finally, the ALJ noted that findings of

"cannot work" and "is disabled" by Dr. Grover and Dr. Kaplan are determinations reserved for the Commissioner. AR 32. Accordingly, the ALJ resolved the conflicts in the medical evidence. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence"). The court finds that the ALJ gave clear and convincing reasons to give little weight to the opinions of Dr. Grover and Kaplan, and properly determined Plaintiff's RFC.

### b. Plaintiff's credibility

Plaintiff next moves to remand this matter because the ALJ improperly rejected Plaintiff's pain and symptoms testimony. The ALJ found that claimant's statements concerning the intensity, persistence and limiting effects of his symptoms are not entirely consistent with the medical evidence and other evidence in the record. The Commissioner responds that the ALJ properly found that Plaintiff's testimony was inconsistent with the record.

The Commissioner's regulations prohibit granting disability benefits based solely on a claimant's subjective complaints. *See* 20 C.F.R. § 404.1529(a) ("statements about your pain or other symptoms will not alone establish that you are disabled"). "An ALJ cannot be required to believe every allegation of [disability], or else disability benefits would be available for the asking, a result plainly contrary to [the Social Security Act]." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). If the ALJ rejects the claimant's complaints, the ALJ must provide "clear and convincing reasons" for the disbelief." *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The ALJ must state why the testimony is unpersuasive and must point to what specific testimony or evidence undermines the claimant's testimony. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Absent affirmative evidence that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be clear and convincing. *Valentine v. Comm'r Social Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009). The ALJ "may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). This is because the lack of an objective medical basis is just one factor in

evaluating the credibility of a claimant's testimony and complaints. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).

The Ninth Circuit has upheld an ALJ's finding that a claimant's testimony is not credible when the ALJ cited specific instances in the record supporting this determination. *See, e.g., Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (upholding ALJ's credibility determination when he pointed out numerous lab results that contradicted his subjective complaints). *See also, Batson v. Comm'r of Soc Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2003) (ALJ's credibility determination upheld because the ALJ cited specific testimony from a doctor which contradicted the claimant's allegations). But the Ninth Circuit has also found general findings insufficient. *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884-85 (9th Cir. 2006) (ALJ required to provide a "narrative discussion" and state specific evidence in the record supporting an adverse credibility finding). If "evidence can support either affirming or reversing the ALJ's decision," this Court may not substitute its judgment for that of the ALJ's. *Id.* at 882.

In making a credibility determination regarding pain, the ALJ may consider: "the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities" and "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing SSR 88-13).

The ALJ explained why he believed that Plaintiff's allegation of disabling impairments are inconsistent with his engagement in a normal level of daily activity, such as maintaining his own home and caring for himself, leaving his home alone by walking or driving, his hobbies, and interactions with others. AR 33. Plaintiff's activities of daily living demonstrated a greater range of functioning than Plaintiff alleged and undermine his allegations of disabling functional limitations. AR 33. *See* 20 C.F.R. § 404.1529; *Tommasetti*, 533 F.3d at 1039 ("The ALJ may consider many factors in weighing a claimant's credibility," including "the claimant's daily activities"). The ALJ noted that such capabilities are the same required to performing and maintaining work.

The ALJ also noted that although Plaintiff alleged major depressive disorder as one of his disabling symptoms, the record revealed only minimal treatment, and the evaluations showed minimal abnormalities. AR 28. The ALJ properly considered lack of treatment as a credibility factor. *Tommasetti*, 533 F.3d at 1039; *see also Maier v. Comm'r of Soc. Sec.*, 154 F.3d 913, 915 (9th Cir. 1998) ("The ALJ's explanation that [the claimant] was not credible was supported by the clear and convincing reason that [the claimant's] testimony contradicts most of the medical evaluations").

Accordingly, the ALJ's provided clear and convincing reasons for rejecting the claimant's testimony. *Valentine v. Astrue*, 574 F.3d 685, 693 (9th Cir. 2009). The ALJ's credibility analysis was supported by substantial evidence, and it is entitled to great deference. *See Parra v Astrue*, 481 F.3d 742, 750 (questions of credibility and resolution of conflicts in the testimony are functions solely for the agency).

## IV.   CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion to remand (ECF No. 19) be denied.

IT IS FURTHER RECOMMENDED that the Commissioner's cross-motion to affirm (ECF No. 20) be granted.

## V.   NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: June 25, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE