UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL NISKAR,<br><br>Plaintiff(s),<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>Defendant(s). | Case No. 2:17-CV-2732 JCM (DJA)<br><br>ORDER |

Presently before the court is Magistrate Judge Hoffman's report and recommendation ("R&R"). (ECF No. 23). Plaintiff Niskar ("plaintiff") filed an objection to the R&R. (ECF No. 24). Berryhill ("defendant") has not filed a response, and the time to do so has passed.

Also before the court is plaintiff's motion to remand. (ECF No. 19). Defendant filed a response to plaintiff's motion to remand and a countermotion to affirm the agency decision, which are identical. (ECF Nos. 20, 22).

**I.   Facts**

The parties do not object to the factual presentation in the R&R. Therefore, the court adopts the factual representation in the R&R and will detail factual and procedural background in the discussion section of this order as necessary to explain the court's holding.

**II.   Legal Standard**

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen (14) days after service of the motion.

## III. Discussion

Magistrate Judge Hoffman's R&R holds that the administrative law judge ("ALJ") gave clear and convincing reasons (1) to give little weight to the opinions of Dr. Grover and Dr. Kaplan and (2) for rejecting the plaintiff's pain and symptoms testimony. (ECF No. 23 at 9–11). Plaintiff's objection pertains only to the latter determination. (*See* ECF No. 24). Thus, the court will review only the decision regarding plaintiff's pain and symptoms testimony.

Plaintiff complains of "excess pain," which "is, by definition, pain that is unsupported by objective medical findings." *Cotton v. Bowen*, 799 F.2d 1403, 1407. Disability benefits cannot be granted solely based on a claimant's subjective complaints. *See* 20 C.F.R. § 404.1529(a) ("statements about your pain or other symptoms will not alone establish that you are disabled"). However, "so long as the pain is associated with a clinically demonstrated impairment, credible pain testimony should contribute to a determination of disability.'" *Bunnell v. Sullivan*, 947 F.2d 341, 345. Accordingly, a claimant must first put forth evidence establishing a medical impairment that is reasonably capable of causing the complained-of pain, then the ALJ may make a credibility determination. *Id.* at 346.

But "[a]n ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to [the Social Security Act]." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Because the law "recognizes that 'pain is subjective and not susceptible to measurement by reliable techniques,'" the ALJ must consider the available evidence and the record as a whole. *Bunnell*, 947 F.2d at 346. (citing SSR 88-13). The ALJ may then reject the claimant's complaint only if the ALJ articulates "clear and convincing reasons" why the pain testimony is not credible. *Burrell v. Colvin*, 775 F.3d

James C. Mahan
U.S. District Judge

- 2 -

1133, 1136–37 (9th Cir. 2014). The ALJ's reasoning must be specific, supported by the record, and consider the factors laid out in SSR 88-13, which include:

> 1. The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
> 2. Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
> 3. Type, dosage, effectiveness, and adverse side-effects of any pain medication;
>
> 4. Treatment, other than medication, for relief of pain;
>
> 5. Functional restrictions; and
>
> 6. The claimant's daily activities.

*Bunnell*, 947 F.2d 341, 346 (citing SSR 88-13).

When an ALJ's reasoning meets the requirements of *Bunnell*, the ALJ's determination is entitled to great deference because "'questions of credibility and resolution of conflicts in the testimony are functions solely' for the agency." *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Here, the ALJ properly considered the plaintiff's pain and symptom testimony within the context of the record as a whole. Plaintiff contends that he suffers from a clinically demonstrated impairment which could reasonably cause the plaintiff's subjective pain, which the ALJ acknowledged. (ECF No. 19 at 11–16). Indeed, the ALJ found that medically acceptable evidence determined the plaintiff had "severe impairments" including heart disease with a history of mitral valve replacement, degenerative disc disease of the lumbar spine and hernia. (AR at 27).[1] But the ALJ determined that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." *Id.* at 29. After consulting with a vocational expert, the ALJ determined that plaintiff's residual functional capacity, age,

---

[1] For the sake of clarity, the court shall—consistent with plaintiff and Magistrate Judge Hoffman—refer to the Administrative Record (ECF No. 16-1) as "AR."

education, and work experience allowed him to perform sedentary work "that exists in significant numbers in the national economy." *Id.* at 34–35.

The ALJ determined that the plaintiff's testimony regarding his pain and other symptoms was not credible because it was contrary to the weight of the objective medical evidence. *Id.* at 30. In particular, the opinions of Dr. Grover and Dr. Stuart conflicted with the testimony of Dr. Arnow and Dr. Cabaluna. *Id.* at 31–33. Both Dr. Arnow and Dr. Cabaluna found that plaintiff has a residual functional capacity that is less restricting than what the ALJ determined. *Id.* This residual functional capacity is supported by the plaintiff's "somewhat normal level of daily activity and interaction," which is, in turn, "inconsistent with [plaintiff's] allegation of disabling impairments." *Id.* at 33.

Plaintiff's objection posits that "the reliance on activities of daily living fails to constitute a clear and convincing reason supported by substantial evidence for rejecting [plaintiff's] testimony on this record." (ECF No. 24 at 6). Plaintiff's argument overlooks the fact that the ALJ considered the plaintiff's daily activities within the context of the objective medical evidence in the record. The ALJ concluded that "*[t]he greater weight of the evidence* reveals that the claimant has no limitation in activities of daily living, no limitation in social functioning, no limitation with concentration, persistence or pace and no episodes of decompensation which have been of extended duration." (AR at 28 (emphasis added)).

The medical evidence supports the ALJ's findings. For instance, the ALJ indicated that "the record does not reveal the type of significant findings that would support [plaintiff's] allegation of disabling back pain." *Id.* at 31. The ALJ specifically references the fact that plaintiff's degenerative disc disease symptoms were "managed well with medical management"; "his pain was moderately controlled by medication"; "his medications were effective, with no adverse side effects"; and his treatment for allegedly-disabling back pain "has been essentially routine and conservative in nature." *Id.* at 31. The ALJ further noted that "despite [plaintiff's] moderate to severe mitral valve regurgitation, the claimant's symptoms were mild. He remained quite functional, and he reported doing well with minimal symptoms." *Id.* at 28. After

**James C. Mahan**
**U.S. District Judge**

- 4 -

undergoing umbilical hernia repair, the plaintiff did not show or complain of further symptoms related to his hernia. *Id.* at 31.

The ALJ considered the objective medical evidence and plaintiff's past treatment records and concluded that "the objective findings in this case fail to provide strong support for the claimant's allegations of disabling symptoms and limitations, and the medical findings do not support the existence of limitations greater than those found in this decision." *Id.* at 30. The court agrees.

Further, the record indicates that the plaintiff shirked medical advice or treatment.[2] The ALJ noted that the plaintiff underwent successful mitral valve regurgitation in February 2015. *Id.* In March 2015, plaintiff left the hospital *against medical advice* after complaining of exertional dyspnea. *Id.* "The record also reveals that even though [plaintiff] has been recommended on multiple occasions to undergo surgery for his back on multiple occasions, he has failed to do so, seemingly without a good reason." *Id.* at 31. Regarding plaintiff's depression, the record indicates minimal treatment at best. *Id.* at 28.

Plaintiff takes umbrage with the ALJ's assessment of plaintiff's mental health treatment (or lack thereof). (ECF No. 24 at 5–6). The ALJ indicated that the plaintiff alleged disabling depression, but the ALJ found that that "[t]he claimant's medically determinable mental impairment of depression does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore nonsevere." (AR at 27). Plaintiff now argues that he simply presented evidence that he "suffered from a level of depression," not that the depression is disabling on its own.[3] (ECF No. 24 at 6). To the extent plaintiff contends his depression is nondisabling, plaintiff's contention is entirely consistent with the ALJ's findings.

---

[2] Notably, the plaintiff's lack of treatment could properly be considered by the ALJ as a credibility factor. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) ("The ALJ may consider . . . unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." (citation omitted)).

[3] The apparent inconsistency of plaintiff's testimony regarding his depression can also be considered a credibility factor. *Tommasetti*, 533 F.3d at 1039. This is particularly probative considering plaintiff at one point "didn't really answer about how [his depression] affects his everyday day-to-day function . . . ." (AR at 286).

If, on the other hand, the plaintiff contended that his depression was disabling at one time, the ALJ could properly consider the inconsistency when evaluating plaintiff's credibility.

Thus, the record and objective medical evidence supports the ALJ's findings. The ALJ included and expressly referenced that evidence in his decision. As a result, the court finds that the ALJ presented clear and convincing reasons for why he discredited plaintiff's pain and symptom testimony.

In sum, the court agrees with the ALJ and Judge Hoffman. The ALJ's decision will be affirmed.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Judge Hoffman's R&R (ECF No. 23) be, and the same hereby is, ADOPTED.

IT IS FURTHER ORDERED that plaintiff's pending motion to remand (ECF No. 19) be, and the same hereby are, DENIED.

IT IS FURTHER ORDERED that defendant's motion to affirm (ECF No. 22) be, and the same hereby is, GRANTED.

The clerk shall enter judgment accordingly and close the case.

DATED August 15, 2019.

_____
UNITED STATES DISTRICT JUDGE